NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| IN RE: LEROY SMITH, JR., | : | |
| | : | Case No. 05-28975 (KCF) |
| Debtor. | : | |
| | : | |
| | : | |
| LEROY SMITH, JR., | : | |
| | : | |
| Appellant, | : | Civil No. 06-1904 (AET) |
| | : | |
| v. | : | MEMORANDUM & ORDER |
| | : | |
| COUNTRY WIDE HOME LOANS, INC., | : | |
| | : | |
| Appellee. | : | |

THOMPSON, U.S.D.J.

I.      Introduction

      This matter comes before the Court on appeal by Appellant Leroy Smith, Jr. from the February 9, 2006 Order of the United States Bankruptcy Court which denied (1) his objection to Appellant Country Wide Home Loans, Inc.'s ("CHL") notice of claim and (2) his request for recusal of the Bankruptcy Judge and the Trustee. Appellate jurisdiction rests with this Court pursuant to 28 U.S.C. § 158(a). The Court has made its decision based on the submissions of the parties, and without oral argument pursuant to Fed. R. Bankr. P. 8012. For the reasons stated below, the Order of the Bankruptcy Court is affirmed.

II.     Background

      Appellee CHL is the holder of a mortgage lien on real property deeded to Appellant

Smith. Appellant Smith filed for Chapter 13 Bankruptcy on June 7, 2005. The Bankruptcy Court held a hearing on January 25, 2006 regarding the confirmation of Appellant Smith's Chapter 13 Bankruptcy plan. At that hearing, the Bankruptcy Court heard the objection of Appellee CHL to the confirmation plan based on 11 U.S.C. § 1322(c)(2) and Appellant Smith's response to that objection. Appellant Smith argued (1) that Bankruptcy Judge should recuse herself based on allegations of racial bias and inability to manage the case due to the granting of numerous extensions of time to Appellee CHL; (2) that he was not properly served with Appellee CHL's motion papers, or that such papers were not properly filed with the Bankruptcy Court; (3) that the Bankruptcy Court should not have granted Appellee CHL relief from the automatic stay to obtain a state court judgment based upon its mortgage lien; (4) that the lien did not survive under the confirmation plan approved in his earlier bankruptcy case; and (5) that the amount of the lien was incorrect.

The Bankruptcy Court issued its opinion from the bench after considering the arguments of Appellant Smith and Appellee CHL. It found that Appellant Smith misunderstood its November 24, 2004 ruling in his earlier bankruptcy proceeding. In that ruling, the Bankruptcy Court found that Appellee CHL's lien passed through Appellant Smith's bankruptcy unaffected and remained a secured claim. The Bankruptcy Court noted that Appellant Smith's allegations that the amounts claimed by Appellee CHL were fraudulent and in violation of the Truth in Lending Act were addressed in its March 25, 2005 ruling, which was also issued in Appellant Smith's earlier bankruptcy proceeding. The Bankruptcy Court indicated that res judicata dictated the amount of Appellee CHL's claim, and that it addressed this issue in its November 24, 2004 ruling. The Bankruptcy Court denied Appellant Smith's motion for recusal because he did not

present evidence of racial bias, and because she had granted both sides extensions of time during the pendency of the case. The Bankruptcy Court ultimately agreed with Appellee CHL's argument that the confirmation plan violated 11 U.S.C. § 1322(c)(2), and found that the plan was not confirmable. The Bankruptcy Court, however, granted Appellant Smith a stay of execution of its decision pending this appeal. The Bankruptcy Court's January 25, 2006 ruling was memorialized in an order entered on the docket on February 9, 2006. In the meantime, the Bankruptcy Court issued an order dismissing Appellant Smith's Chapter 13 case on January 31, 2006.

On appeal, Appellant Smith raises many of the same issues that he did at the January 25, 2006 hearing. Although he indicates that the order being appealed is the Bankruptcy Court's January 31, 2006 Order dismissing his case, this Court notes that he is actually appealing the Bankruptcy Court's February 9, 2006 Order.

III.     Discussion

This Court reviews the Bankruptcy Court's "findings of fact for clear error and exercise[s] plenary review over the Bankruptcy Court's legal determinations." In re Pillowtex, Inc., 349 F.3d 711, 716 (3d Cir. 2003); see also Fed. R. Bankr. P. 8013.

Appellant Smith contends that Appellee CHL was bound by the confirmation plan in his previous bankruptcy case, and suggests that Appellee CHL's mortgage lien was discharged by that plan. This issue was addressed during Appellant Smith's earlier bankruptcy proceeding in the Bankruptcy Court's November 24, 2004 decision. In that decision, the Bankruptcy Court found that Appellee CHL's lien passed through Appellant Smith's earlier Chapter 13 bankruptcy case even though Appellee CHL did not file a claim in that case and a discharge was granted.

The doctrine of issue preclusion "bars litigation only of an issue which is identical to that adjudicated in the prior action." In re Holzinger, 89 B.R. 529, 530 (Bankr. E.D. Pa. 1988).  For the doctrine to apply, "(1) the issue sought to be precluded must be the same as that involved in the prior action; (2) that issue must have been actually litigated; (3) it must have been determined by a valid and final judgment; and (4) the determination must have been essential to the prior judgment." Id.  Here, Appellant Smith raises the same issue that was decided in the Bankruptcy Court's November 24, 2004 ruling as part of his earlier bankruptcy case.  For the purposes of Appellant Smith's present bankruptcy case, the doctrine of issue preclusion applies and Appellant Smith is barred from re-litigating the matter.  If Appellant Smith disagreed with the November 24, 2004 ruling, his recourse would be to appeal that ruling rather than raising the issue now in a subsequent bankruptcy proceeding.

Next, Appellant Smith argues that attorneys' fees could not be assessed on him by the Bankruptcy Court because there was no provision for such an assessment in the mortgage deed.  The Court is unclear as to what Appellant Smith is referring to.  If he is referring to the award of attorneys' fees made in the Chapter 13 plan in his previous bankruptcy, then his argument disputes a determination made by the Bankruptcy Court in Appellant Smith's earlier bankruptcy proceeding that is barred from consideration by this Court under the doctrine of issue preclusion. In re Holzinger, 89 B.R. at 530.  If he is referring to the attorneys' fees that he alleges are included in Appellee CHL's proof of claim in the present bankruptcy case, then he is raising an argument that was not before the Bankruptcy Court, and thus is not properly before this Court for review.  See Ecological Rights Found. v. Pac. Lumber Co., 230 F.3d 1141, 1154 (9th Cir. 2000).

In addition, Appellant Smith argues that Appellee CHL obtained a state court judgment

on its mortgage lien in violation of the Bankruptcy Code's automatic stay provision. See 11 U.S.C. § 362. However, the Bankruptcy Court indicated at the January 25, 2006 hearing that it had previously granted Appellee CHL relief from the automatic stay. As a result, Appellee CHL was not in violation of the automatic stay. Furthermore, if Appellant Smith disagreed with the Bankruptcy Court's decision to grant Appellee CHL relief from the automatic stay, then his recourse was to appeal that decision. The Court notes that the present appeal involves only the Bankruptcy Court's February 9, 2006 Order regarding Appellant Smith's objection to Appellee CHL's notice of claim and his request for recusal.

     Appellant Smith has also made allegations that Appellee CHL's state court judgment was obtained through fraud. Once a judgment is "validly entered in a court of competent jurisdiction, [it] is considered valid until overturned or vacated by that court or an appellate court with supervisory powers over that court's system." In re James, 940 F.2d 46, 52 (3d Cir. 1991). Under the Rooker-Feldman doctrine, this Court cannot review the merits of the state court decision at issue. In re Knapper, 407 F.3d 573, 580 (3d Cir. 2005) (citing Rooker v. Fid. Trust Co., 263 U.S. 413 (1923) and D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983)). If Appellant Smith wishes to attack the validity of the state court judgment, he must do so in the proper state court.

     Appellant Smith further argues that Appellee CHL is barred from recovering escrow amounts in excess of what was ordered in the Chapter 13 plan from his previous bankruptcy case. The Bankruptcy Court addressed this argument in the January 25, 2006 hearing, and indicated that it had made a determination in Appellant Smith's previous bankruptcy case that the amount of Appellee CHL's claim was dictated by res judicata. Thus, under the doctrine of issue

preclusion, this issue cannot now be revisited for Appellant Smith's current bankruptcy case. In re Holzinger, 89 B.R. at 530.  Although Appellant Smith may not attack the amount of a proof of claim that was determined in a previous bankruptcy action, he may attack the amount of Appellee CHL's proof of claim in the current bankruptcy action.  Indeed, the Bankruptcy Court indicated that it would be "very open" to a motion from Appellant Smith to reduce Appellee CHL's proof of claim by the amount of interest and/or late charges on Appellant Smith's arrearages that accrued during his previous successful Chapter 13 bankruptcy.  (Tr. of Hearing, Jan. 25, 2006, at 18-19.)

      Lastly, Appellant Smith argues that the Bankruptcy Judge should have recused herself.  A judge should grant a motion for recusal where that judge's impartiality might reasonably be questioned.  See 28 U.S.C. § 455.  Appellant Smith alleges that the Bankruptcy Judge was biased because she granted extensions of time to Appellee CHL.  This is not grounds for recusal, especially where the Bankruptcy Judge also granted extensions of time to Appellant Smith.  Appellant Smith also alleges that the Bankruptcy Judge gave ex parte legal advice to Appellee CHL by directing Appellee CHL to file a certain motion.  However, this is also not grounds for recusal.  At most, the Bankruptcy Judge and/or her chambers staff merely notified Appellee CHL of the procedures of the Bankruptcy Court, and did not provide legal advice.  Appellant Smith also alleges that the Bankruptcy Judge was biased against him based on his race.  However, he does not substantiate this claim.  In addition, Appellant Smith alleges that the Trustee was biased against him based on his African and Native American race because the Trustee did not allow Appellant Smith to refinance his home, but allowed "Debtor's neighbor two houses down, White male David J. Schetlick, a seasonal worker with less earning capacity, with a similar issue on

bankruptcy petitions . . . to refinance his home." (Appellant's Reply Letter Br. at 55.) This allegation by itself is not enough to show that the Trustee had a bias against Appellant Smith. See Pennsylvania v. Local Union 542, 388 F. Supp. 155, 160 (E.D. Pa. 1974). Based upon a review of the record, the Court is satisfied that the Bankruptcy Judge did not err in denying Appellant Smith's motion for recusal.

In his appeal brief, Appellant Smith includes a request for this Judge to recuse herself. Appellant Smith argues that he is prejudiced and is denied due process "by having the appeal being moved without the transcripts of the proceedings of the lower court." (Appellant's Letter Br. at 40.) However, Appellant Smith has provided this Court with a transcript of the proceeding that addresses the Order being appealed. Furthermore, Appellant Smith has not submitted any evidence that would put the impartiality of this Judge into question. See Jaffree v. Wallace, 837 F.2d 1461, 1465 (11th Cir. 1988). As a result, his request for recusal is denied.

Based upon the above reasoning, the Court finds that the Bankruptcy Court did not err by denying Appellant Smith's Objection to Appellee CHL's notice of claim and his request for recusal. Accordingly, the Court affirms the February 9, 2006 Order of the Bankruptcy Court.

IV.   Conclusion

For the foregoing reasons, and for good cause shown,

IT IS on this 5th day of September, 2006,

ORDERED that the February 9, 2006 Order of the Bankruptcy Court is AFFIRMED.

s/Anne E. Thompson
ANNE E. THOMPSON, U.S.D.J.
